UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leslie Deaver, on behalf of herself and a class of all others similarly situated, Robert B. Deaver, Nicholas A. Marino, Jennifer Marino, Amber Brown, Barry Bumford, Catherine B. Burns, Katie L. Higgs, Troy L. Higgs, Robert Keene, Jennifer Poston, Melissa Morris, Travis Shippel, Myrna S. Siebel, and David Howell,<br><br>         Plaintiffs,<br><br>v.<br><br>Century Aluminum Company and Century Aluminum of South Carolina, Inc.,<br><br>         Defendants. | Case No.: 2:23-cv-05766-RMG<br><br><br>**DEFENDANT CENTURY ALUMINUM COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Century Aluminum Company ("CAC"), by and through its undersigned attorneys, hereby answers the Complaint of Plaintiffs Leslie Deaver, on behalf of herself and a class of all others similarly situated, Robert B. Deaver, Nicholas A. Marino, Jennifer Marino, Amber Brown, Barry Bumford, Catherine B. Burns, Katie L. Higgs, Troy L. Higgs, Robert Keene, Jennifer Poston, Melissa Morris, Travis Shippel, Myrna S. Siebel, and David Howell ("Plaintiffs") as follows:

## AS TO THE INTRODUCTION

1. Paragraph 1 sets forth a statement that does not require a response. To the extent a response is required, CAC denies the same.

2. CAC admits so much of Paragraph 2 as alleges that the Century Aluminum of South Carolina, Inc. aluminum ore reduction facility at 3575 Highway 52 in Goose Creek, SC (the "Facility") creates particulates as part of its reduction process, and that such particulates are

captured in filter bags as part of the normal operation of the Facility.  CAC denies the remaining allegations of Paragraph 2.

3. CAC denies the allegations in Paragraph 3.

4. CAC admits so much of Paragraph 4 as alleges that on September 3, 2023, Potline Scrubber 161E experienced filter bag failure that led to visible emissions.  CAC denies the remaining allegations of Paragraph 4.

5. Responding to Paragraphs 5 through 10, CAC admits that visible emissions occurred on September 3, 2023. CAC lacks knowledge or information sufficient to form a belief as to any allegations by any unidentified "residents" and denies same. The particular circumstances of any unidentified claimant, including, what, if any, conditions were observed or experienced, the source of any conditions, and what, if any, particular injury any particular "resident" claims to have suffered and the cause thereof all require individualized investigation. Various forms of particulate matter from various sources are known to exist or to be observed in various circumstances, and the existence and cause of any purported injury to a particular claimant requires individualized investigation in order to determine, for example, the type of particulate matter, the source, the existence or impact of any additional circumstances particular to that claimant, and whether and how the same impacted a particular individual's health, personal property, or use and enjoyment of their real property.  CAC denies that visible emissions from the Facility caused serious or permanent damage or impairment to any persons, property, or animals.  CAC denies the remaining allegations in Paragraphs 5 through 10.

6. Responding to Paragraph 11, CAC admits that the Facility was not shut down on September 3, 2023 but CAC denies the remaining allegations and implications of Paragraph 11.

2

7. Responding to Paragraph 12, CAC admits the Facility experienced certain filter bag failures but CAC denies the remaining allegations in Paragraph 12.

8. Responding to Paragraph 13, CAC admits that on September 16, 2023, the Facility experienced filter bag failures and that the Facility was not shut down during the visible emissions, but CAC denies the remaining allegations and implications of Paragraph 13.

9. Responding to Paragraph 14, CAC admits that visible emissions occurred on September 16, 2023. CAC lacks knowledge or information sufficient to form a belief as to any allegations by any unidentified "residents" and denies same. The particular circumstances of any unidentified claimant, including, what, if any, conditions were observed or experienced, the source of any conditions, and what, if any, particular injury any particular "resident" claims to have suffered and the cause thereof all require individualized investigation. Various forms of particulate matter from various sources are known to exist or to be observed in various circumstances, and the existence and cause of any purported injury to a particular claimant requires individualized investigation in order to determine, for example, the type of particulate matter, the source, the existence or impact of any additional circumstances particular to that claimant, and whether and how the same impacted a particular individual's health, personal property, or use and enjoyment of their real property.  CAC denies that visible emissions from the Facility caused serious or permanent damage or impairment to any persons, property, or animals.

10. Responding to Paragraph 15, CAC admits that on September 30, 2023, the Facility experienced filter bag failures and that the Facility was not shut down during the visible emissions, but CAC denies the remaining allegations and implications of Paragraph 15.

11. Responding to Paragraph 16, CAC admits that visible emissions occurred on September 30, 2023.  CAC lacks knowledge or information sufficient to form a belief as to any

3

allegations by any unidentified "residents" and denies same. The particular circumstances of any unidentified claimant, including, what, if any, conditions were observed or experienced, the source of any conditions, and what, if any, particular injury any particular "resident" claims to have suffered and the cause thereof all require individualized investigation. Various forms of particulate matter from various sources are known to exist or to be observed in various circumstances, and the existence and cause of any purported injury to a particular claimant requires individualized investigation in order to determine, for example, the type of particulate matter, the source, the existence or impact of any additional circumstances particular to that claimant, and whether and how the same impacted a particular individual's health, personal property, or use and enjoyment of their real property. CAC denies that visible emissions from the Facility caused serious or permanent damage or impairment to any persons, property, or animals.

12.   CAC denies the allegations in Paragraph 17.

**AS TO THE PLAINTIFFS**

13.   Paragraphs 18 through 30 contain the individual Plaintiffs' addresses and their particularized allegations of how the visible emissions from the Facility supposedly caused harm to them personally or to their property or animals.  CAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 18 through 30 relating to Plaintiffs' addresses and their proximities to the Facility, and therefore denies the same.  CAC denies Plaintiffs' allegations that certain conditions or damages were caused to Plaintiffs by the visible emissions and CAC denies that visible emissions from the Facility caused serious or permanent damage or impairment to any persons, property, or animals.  CAC denies the remaining allegations of Paragraphs 18 through 30.

**AS TO THE DEFENDANTS**

14.   CAC admits the allegations in Paragraphs 31 and 32.

15.   CAC admits so much of Paragraph 33 as alleges that Century Aluminum of South Carolina, Inc. is incorporated in the state of Delaware but denies that its principal place of business is in Chicago, Illinois.

16.   The allegations of Paragraphs 34 – 38 purport to describe corporate transactions that occurred in 2014.  CAC refers to the corporate documents associated with any such transactions as the best evidence of the details of such transactions and CAC denies all allegations of Paragraphs 34-38 inconsistent with those corporate documents.

17.   Responding to Paragraph 39, CAC admits that Century Aluminum of South Carolina, Inc. is a subsidiary of Century Aluminum Company but denies that Century Aluminum Company owns or operates the Facility and denies the remaining allegations of Paragraph 39.

18.   Responding to Paragraphs 40 through 46, CAC refers to the specified Form 10-K filings, the specified loan and security agreements, and the information published at the specified websites as the best evidence of their contents and denies all allegations of those paragraphs inconsistent with those filings, documents, and publications.   CAC denies the remaining allegations of Paragraphs 40 through 46.

19.   CAC denies the allegations in Paragraphs 47 and 48.

20.   Responding to Paragraph 49, CAC refers to a verified transcript or video recording of the October 9, 2023 meeting as the best evidence of what was said by Dennis Harbath at the town hall meeting and CAC denies all allegations of Paragraph 49 inconsistent with such evidence. CAC denies the remaining allegations of Paragraph 49.

21.    Responding to Paragraph 50, CAC refers to the specified LinkedIn website page as the best evidence of what is published on that page and denies all allegations of Paragraph 50 inconsistent with the information published thereon.  CAC denies the remaining allegations of Paragraph 50 related to which entity Dennis Harbath "considers his employer to be."

22.    Responding to Paragraph 51, CAC refers to the sign at the entrance to the Facility as the best evidence of exactly what is written on the sign, including all text variation and coloring, and denies all allegations of Paragraph 51 inconsistent with the sign itself.

## AS TO JURISDICTION AND VENUE

23.    Paragraph 52 sets forth a statement to which a response is not required.  To the extent a response is required, CAC denies the same.

24.    Responding to Paragraph 53, CAC admits that Defendant Century Aluminum of South Carolina, Inc. operates the Facility.  CAC denies the remaining allegations of Paragraph 53.

25.    CAC denies the allegations of Paragraph 54.

26.    Paragraphs 55 through 59 set forth jurisdictional allegations and legal conclusions to which no response is required.  To the extent a response is required, CAC denies the same.

## AS TO THE FACTUAL BACKGROUND

27.    CAC admits so much of Paragraph 60 as alleges that the Facility is an aluminum ore reduction facility.  CAC denies the remaining allegations of Paragraph 60.

28.    Responding to Paragraphs 61 through 83, CAC refers to the specified U.S. Environmental Protection Agency publications and the permit documents attached as exhibits to the Complaint as the best evidence of their contents and denies all allegations of those paragraphs inconsistent with those publications and exhibits.  CAC denies the remaining allegations of Paragraphs 61 through 83, including that any or all of the EPA publications apply to the Facility.

29.   Responding to Paragraphs 84 through 87, CAC refers to the U.S. Clean Air Act and the specified sections of the Act as the best evidence of its terms and denies all allegations of those paragraphs inconsistent with the language of the Act.  CAC denies the remaining allegations in Paragraphs 84 through 87.

30.   Responding to Paragraphs 88 through 90, CAC refers to the specified sections of the U.S. Code of Federal Regulations as the best evidence of what is contained in the Code and denies all allegations of those paragraphs inconsistent with the language of the Code.  CAC denies the remaining allegations in Paragraphs 88 through 90.

31.   Responding to Paragraphs 91 through 93, CAC refers to the specified sections of the South Carolina Pollution Control Act as the best evidence of what is contained in the Act and denies all allegations of those paragraphs inconsistent with the language of the Act.  CAC denies the remaining allegations in Paragraphs 91 through 93.

32.   Responding to Paragraphs 94 through 100, CAC refers to the specified sections of the South Carolina Regulations as the best evidence of what is contained in those Regulations and denies all allegations of those paragraphs inconsistent with the language of the Regulations.  CAC denies the remaining allegations in Paragraphs 94 through 100.

33.   CAC admits so much of Paragraph 101 as alleges that the South Carolina Department of Health and Environmental Control ("S.C. DHEC") has issued permits to Defendant Century Aluminum of South Carolina, Inc.  CAC refers to those permits and the documents on file with S.C. DHEC as the best evidence of their contents.  CAC denies all allegations of Paragraph 101 inconsistent with the language of the permits and denies any remaining allegations of Paragraph 101.

34.   Paragraph 102 sets forth a legal conclusion to which no response is required.  To the extent a response is required, CAC denies the same.

35.   CAC admits so much of Paragraphs 103 through 105 as allege that the permits issued to Defendant Century Aluminum of South Carolina, Inc. have been amended from time to time. CAC refers to the permits and other documents on file with S.C. DHEC and the U.S. EPA as the best evidence of their contents and denies all allegations of Paragraphs 103 through 105 inconsistent with the referenced documents.  CAC denies the remaining allegations in Paragraphs 103 through 105.

36.   Responding to Paragraphs 106 through 115, CAC refers to the specified permit as the best evidence of what is contained in the permit and denies all allegations of Paragraphs 106 through 115 inconsistent with the language of the permit.  CAC denies the remaining allegations in Paragraphs 106 through 115.

37.   CAC denies the allegations in Paragraph 116.

38.   Responding to Paragraph 117, CAC refers to the specified permit as the best evidence of what is contained in the permit and denies all allegations in Paragraph 117 inconsistent with the language of the permit.  CAC denies the remaining allegations in Paragraph 117.

39.   Responding to Paragraph 118, CAC refers to the records of S.C. DHEC as the best evidence of what was posted by S.C. DHEC and denies all allegations of Paragraph 118 inconsistent therewith.  CAC denies the remaining allegations in Paragraph 118.

40.   Paragraphs 119 through 144 purport to quote from various publications that are specified by Plaintiffs in those paragraphs.  CAC refers to the specified publications as the best evidence of what is contained in those publications and CAC denies all allegations of Paragraphs 119 through 144 inconsistent with those publications.  CAC denies the remaining allegations of

8

Paragraphs 119 through 144, including that any or all of the publications apply to the Facility or to the incidents described in Plaintiffs' Complaint.

41. Paragraphs 145 through 160 contain individualized allegations of when the named Plaintiffs claim to have first noticed what they believe were "particulates" from the Facility and how those particulates supposedly caused them injury. CAC lacks knowledge or information sufficient to form a belief as to when any particular Plaintiff noticed any particular conditions, what, if any, conditions were experienced or observed, the source of any conditions experienced or observed, and what, if any, particular injury any particular Plaintiff claims to have suffered and the cause thereof, and therefore denies same. Various forms of particulate matter from various sources are known to exist and/or be observable in various circumstances, and the existence and cause of any purported injury to a particular claimant requires individualized investigation in order to determine, for example, the type of particulate matter, the source, the existence or impact of any additional circumstances particular to that claimant, and whether and how the same impacted a particular individual's health, personal property, or use and enjoyment of their real property.

## AS TO THE CLASS ACTION ALLEGATIONS

42. Responding to Paragraph 160, CAC incorporates the foregoing Paragraphs of its Answer as if set for fully herein.

43. Paragraphs 161 through 163 set forth statements of intent to seek certification of this lawsuit as a class action. To the extent a response is required, CAC denies that Plaintiffs' claims are appropriate for class action treatment. CAC lacks knowledge or information sufficient to form a belief as to when any particular Plaintiff noticed any particular conditions, what, if any, conditions were experienced or observed, the source of any conditions experienced or observed, and what, if any, particular injury any particular Plaintiff claims to have suffered and the cause

thereof, and therefore denies same. Various forms of particulate matter from various sources are known to exist and/or be observable in various circumstances, and the existence and cause of any purported injury to a particular claimant requires individualized investigation in order to determine, for example, the type of particulate matter, the source, the existence or impact of any additional circumstances particular to that claimant, and whether and how the same impacted a particular individual's health, personal property, or use and enjoyment of their real property. CAC denies the remaining allegations in Paragraphs 161 through 163.

44.   CAC denies the allegations in Paragraphs 164 through 173.

## AS TO THE FIRST CAUSE OF ACTION

45.   Responding to Paragraph 174, CAC incorporates the foregoing Paragraphs of its Answer as if set forth fully herein.

46.   Paragraph 175 sets forth a statement to which no response is required. To the extent a response is required, CAC denies the same.

47.   CAC admits so much of Paragraph 176 as alleges that, in September 2023, the Facility experienced visible emissions related to filter bag failures. CAC denies the remaining allegations in Paragraph 176.

48.   CAC denies the allegations in Paragraphs 177 through 184.

## AS TO THE SECOND CAUSE OF ACTION

49.   Responding to Paragraph 185, CAC incorporates the foregoing Paragraphs of its Answer as if set forth fully herein.

50.   Paragraph 186 sets forth a statement to which no response is required. To the extent a response is required, CAC denies the same.

51.   CAC denies the allegations in Paragraphs 187 through 190.

## AS TO THE THIRD CAUSE OF ACTION

52.    Responding to Paragraph 191, CAC incorporates the foregoing Paragraphs of its Answer as if set forth fully herein.

53.    CAC denies the allegations in Paragraph 192.

54.    Paragraphs 193 and 194, including all subparts, set forth legal conclusions to which no response is required.  To the extent a response is required, CAC denies the same.

55.    CAC denies the allegations in Paragraphs 195 through 202.

## AS TO THE FOURTH CAUSE OF ACTION

56.    Responding to Paragraph 203, CAC incorporates the foregoing Paragraphs of its Answer as if set forth fully herein.

57.    CAC denies the allegations in Paragraph 204.

58.    Paragraphs 205 through 208, including all subparts, set forth legal conclusions to which no response is required.  To the extent a response is required, CAC denies the same.

59.    CAC denies the allegations in Paragraphs 209 through 213 and the unnumbered prayer for relief.

## ADDITIONAL DEFENSES

Although CAC has not yet had the opportunity to fully investigate or conduct discovery regarding Plaintiffs' claims, CAC believes there may be facts establishing the availability of certain affirmative defenses. To preserve those defenses, CAC alleges the following:

60.    The Complaint fails to state facts sufficient to constitute a cause of action against CAC and, therefore, consistent with Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint must be dismissed.

11

61.   Plaintiffs' purported claims are barred, in whole or in part, because Plaintiffs lack standing for their claims.

62.   Plaintiffs' purported claims are barred, in whole or in part, by South Carolina's nuisance statute.  *See* S.C. Code Ann. § 31-24-120(A).

63.   Plaintiffs' purported claims are barred, in whole or in part, because Plaintiffs voluntarily assumed the risk of any and all conditions and damages alleged.

64.   Plaintiffs' purported claims are barred, in whole or in part, because, if any nuisance exists (which CAC denies), Plaintiffs voluntarily came to the nuisance.

65.   Plaintiffs' purported claims are barred, in whole or in part, because any injuries or damages sustained by Plaintiffs were proximately caused, in whole or in part, by acts of God and/or by intervening and/or superseding acts or omissions of others for which CAC is not legally liable.

66.   If Plaintiffs have suffered damages by virtue of any conduct, acts or omissions of CAC, which is denied, Plaintiffs have not acted reasonably to protect themselves and/or have failed to mitigate any such damages which they allege they may have sustained.

67.   Plaintiffs' purported claims are barred, in whole or in part, because Plaintiffs' damages, if any, were the direct and proximate result of wrongful conduct, intentional acts, negligence and/or intervening conduct of third parties for whom CAC is not legally liable. In the event that Plaintiffs are found to have sustained damages, CAC is liable only for that portion of any damages that corresponds to the degree of fault or responsibility of CAC and not for the acts, negligence or fault of any other person or entity.

68.   Plaintiffs' purported claims are barred, in whole or in part, because CAC and its agents and/or employees acted with due care and otherwise conducted themselves at all relevant times as reasonable people and/or entities under the circumstances.

69. Plaintiffs' purported claims are barred, in whole or in part, because at all times and places, CAC complied with the state of the art, and therefore, Plaintiffs are not entitled to recover from CAC as a matter of law.

70. Plaintiffs' purported claims are barred, in whole or in part, because the exposure of Plaintiffs, if any, to any alleged emissions from the Facility were so minimal as to be insufficient to establish by a reasonable degree of probability that any such exposure caused any alleged injury, damage, or loss.

71. Plaintiffs' purported claims are barred, in whole or in part, because Plaintiffs have contributed to their own injuries.

72. Plaintiffs' purported demand for punitive damages is barred, in whole or in part, because an award of punitive damages would violate CAC's procedural and substantive due process rights and equal protection rights under the Constitution of the United States and the Constitution of the State of South Carolina.

73. Plaintiffs' purported claims are barred, in whole or in part, by the doctrine of comparative negligence, as it may apply to Plaintiffs, as a bar to Plaintiffs' ability to recover from CAC.

74. Plaintiffs' purported claims are barred, in whole or in part, by the doctrine of spoliation of evidence.

WHEREFORE, having fully responded to Plaintiffs' Complaint, CAC prays that Plaintiffs' Complaint be dismissed with prejudice, that judgment for actual damages, special damages, consequential damages, and punitive damages be entered for CAC against Plaintiffs, including

reasonable costs and attorney fees, and for such other and further relief as the Court may deem just and proper.

WOMBLE BOND DICKINSON (US) LLP

s/ James E. Weatherholtz

James E. Weatherholtz (Fed. ID No. 7473)
james.weatherholtz@wbd-us.com
Molly M. McDermid (Fed. ID No. 13459)
molly.mcdermid@wbd-us.com
5 Exchange Street [P.O. Box 999]
Charleston, South Carolina 29401
(843) 722 3400

January 22, 2024
Charleston, South Carolina

*Attorneys for Defendant Century Aluminum Company*