**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Katie Leigh McDaniel, on behalf of herself and a class of all others similarly situated, Myrna S. Seibel, Robert B. Deaver, Amber Brown, and Catherine B. Burns,<br><br>Plaintiffs,<br><br>v.<br><br>Century Aluminum Company and Century Aluminum of South Carolina, Inc.,<br><br>Defendants. | C/A NO. 2:23-cv-05766-RMG |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs, by and through their counsel, hereby move this Court, pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(e), for entry of an Order certifying a proposed settlement class, appointing class representative, appointing class counsel, granting preliminary approval of a class action settlement, and approving class notice.

This motion is based on the following grounds:

1. Plaintiffs filed this action on November 10, 2023.

2. Since the filing of this action, the parties have conducted extensive fact discovery, engaged a multitude of experts, and made considerable efforts to fully resolve all claims.

3. Following mediation sessions with Tom Wills on August 29, 2024, September 16, 2024, and January 8, 2025, the parties reached a settlement of the class property damage claims in

this matter in the form outlined in the Class Action Settlement Agreement and Release (the "Agreement") attached as Exhibit A.[1]

4.      Defendants denied liability and denied all of Plaintiffs' claims related to a purported class action, and Defendants dispute Plaintiffs' claims in their entirety; nonetheless, to resolve the class action claims, Defendants have agreed to pay a total settlement amount of $944,000.00 (the "Class Settlement Amount"). The Class Settlement Amount will cover all amounts related to the settlement, including class member payments, notice and administrative costs (including costs of identifying the members of the settlement class), any class representative service award, and attorneys' fees and expenses sought by Plaintiffs' counsel.

5.      The settlement class includes all persons who, as of September 1, 2023, owned a single-family home located in the Class Area (the green area depicted below) as reflected by the Berkeley County public records.



---

[1] The parties have also agreed to settle the individual personal injury claims of Myrna S. Seibel, Robert B. Deaver, and Catherine B. Burns, as provided for in separate agreements, and to dismiss with prejudice the personal injury claim of Amber Brown, who did not participate in discovery in this matter.

The Class Area is identified in Exhibit 1 to the Agreement, and the members of the settlement class are identified in Exhibit 3 to the Agreement.

6. Plaintiffs file this motion pursuant to Federal Rule of Civil Procedure Rule 23(e), which requires parties to seek approval from the district court before settling a class action.

7. Rule 23(e) provides that class members must be given notice of a proposed settlement and the opportunity to request exclusion from the class ("opt out") or object. To that end, prior to final approval, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). The proposed Notice Plan is attached as Exhibit 2 to the Agreement, and the proposed Summary Notice and Detailed Notice are attached thereto as Exhibits A and B.

8. As discussed in Plaintiffs' Memorandum in Support of this Motion, the proposed class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b) such that this Court can certify the class for purposes of judgment on the proposed settlement.

   a. A public records search indicates that there are approximately 726 single-family homes within the Class Area, making the total number of proposed settlement class members sufficiently numerous to satisfy Rule 23(a)(1)'s numerosity requirement.

   b. There are questions of law or fact common to the proposed settlement class, in satisfaction of Rule 23(a)(2), including but not limited to:

      i. Defendants' alleged emissions of alumina particulate matter from the Smelter in September 2023;

      ii.    Whether Defendants were negligent in allegedly emitting the particulates; and

      iii.    Whether, and to what extent, class members suffered real property damages under theories of trespass and nuisance from the particulates allegedly emitted from the Smelter by Defendants in September 2023.

c. Plaintiff McDaniel's claims are typical of the Class as required by Rule 23(a)(3), as she is an individual residential property owner who resided within the Class Area during the relevant time period, her property claims arise out of the same alleged course of conduct that gives rise to the claims of the other class members, and her request for recovery is based on the same legal theory.

d. Plaintiff McDaniel and her counsel will adequately represent the interests of the members of the proposed settlement class, as required by Rule 23(a)(4).

e. In the context of this settlement, the common questions of law and fact predominate over individual questions, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy, in satisfaction of Rule 23(b)(3).

9. In addition, the proposed settlement is fair, reasonable, and adequate, and can therefore be approved under Rule 23(e)(2).

10. Appointment of Katie Leigh McDaniel as class representative is appropriate, as she will fairly and adequately protect the interests of the proposed settlement class. This requirement is satisfied in large part by the absence of any disabling antagonism or intra-class conflict. All members of the proposed settlement class sustained damages arising out of Defendants' uniform conduct toward Plaintiff McDaniel and all members of the proposed settlement class. Plaintiff

McDaniel is committed to pursuing this action, and Plaintiff McDaniel's claims benefit all proposed settlement class members and are coextensive with those of the settlement class members.

11.     Further, appointment of James L. Ward, Jr. of McGowan, Hood, Felder & Phillips, LLC and F. Elliotte Quinn IV, Michael J. Jordan, and William S. Jackson IV of The Steinberg Law Firm, LLC as class counsel is appropriate under Rule 23(g)(1), as they have devoted significant time and resources to vigorously investigate and pursue the claims in this action and have the requisite knowledge and experience in handling class actions and the types of claims asserted in this action. Finally, notice of the proposed settlement should be directed under Rule 23(e)(1)(B) to all class members who would be bound by the proposal in substantially the same manner as set forth in the proposed Notice Plan.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court enter an Order certifying the settlement class, appointing Katie Leigh McDaniel class representative, appointing James L. Ward, Jr., F. Elliotte Quinn IV, Michael J. Jordan, and William S. Jackson IV class counsel, preliminarily approving the settlement, and approving the proposed Notice Plan so that notice may be issued.

Respectfully submitted,

Date: March 19, 2025

s/ *James L. Ward, Jr.*
James L. Ward, Jr. (Fed. ID 6956)
**McGOWAN, HOOD, FELDER & PHILLIPS, LLC**
10 Shem Drive, Suite 300
Mount Pleasant, SC 29464
843-388-7202 (tel.)
843-388-3194 (fax)
jward@mcgowanhood.com

**THE STEINBERG LAW FIRM, LLC**
F. Elliotte Quinn IV (Fed. ID 12563)
Michael J. Jordan (Fed. ID 10304)
William S. Jackson IV (Fed. ID 13047)
3955 Faber Place Dr., Suite 300
North Charleston, SC 29405
843-720-2800 (tel.)
8433-722-1900 (fax)
equinn@steinberglawfirm.com
mjordan@steinberglawfirm.com
wjackson@steinberglawfirm.com

*Attorneys for Plaintiffs*

6