# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Katie Leigh McDaniel, on behalf of herself and a class of all others similarly situated, Myrna S. Seibel, Robert B. Deaver, Amber Brown, and Catherine B. Burns,<br><br>    Plaintiffs,<br>    v.<br><br>Century Aluminum Company and Century Aluminum of South Carolina, Inc.,<br><br>    Defendants. | Case No. 2:23-cv-5766-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Plaintiffs' motion for preliminary approval of a class action settlement and for certification of a proposed settlement class, appointment of a class representative and class counsel, and approval of class notice. (Dkt. No. 71).

## I.     Background

In this putative class action, Plaintiffs, a class of persons who owned single-family homes in the Class Area as of September 1, 2023, seek property damages from Defendants stemming from repeated emissions of aluminum oxide particulates, also known as alumina, from Defendants' Mount Holly aluminum smelter in September 2023 into the air that Plaintiffs allege damaged their properties. (Dkt. No. 71, ¶ 5; Dkt. No. 71-2 at 1-3). Plaintiffs bring claims of trespass, nuisance, negligence and gross negligence and negligence *per se* against Defendants. (*See generally* Dkt. No. 69). Certain plaintiffs also seek damages for personal injury claims that are not the subject of the present settlement. (Dkt. No. 71 at 2 n.1).

1

**II.     Discussion**

    **A. Conditional Certification of Settlement Class**

The Parties move this Court to certify a settlement class pursuant to Fed. R. Civ. P. 23(b)(2). The "Settlement Class" is composed of "all persons who, as of September 1, 2023, owned a single-family home located in the Class Area . . . as reflected by the Berkeley County public records." (Dkt. No. 71, ¶ 5). When the Court is presented with a proposed settlement, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for each of their proposed classes.

The Court finds numerosity is satisfied. To satisfy the numerosity requirement of Rule 23(a), plaintiff must show that joinder is impracticable. *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 (4th Cir.2001). No specific number is needed to satisfy this requirement. *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir.1984). Here, the class comprises 726 single-family homes, making joinder of all class members impracticable. (Dkt. No. 71-2 at 6; Fed. R. Civ. P. 23(a)(1)).

The Court finds commonality is satisfied. "A common question is one that can be resolved for each class member in a single hearing." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 319 (4th Cir. 2006). In other words, "[the class] claims must depend upon a common contention of such a nature that it is capable of class[-]wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the class property owners' claims depend on the resolution of shared questions of law and fact, including:

- Defendants' use of alumina in its aluminum production at the Smelter;

- The alleged failures of the baghouse and emissions controls at the Smelter in September 2023;

- Defendants' alleged emissions of alumina particulate matter from the Smelter in September 2023;

- Whether Defendants violated applicable federal and state laws, regulations, and permits by emitting alumina particulates from the Smelter in September 2023;

- Whether Defendants were negligent in allegedly emitting the alumina particulates; and

- Whether, and to what extent, class members suffered real property damages under theories of trespass and nuisance from the alumina particulates allegedly emitted from the Smelter by Defendants in September 2023. (Dkt. No. 71-2 at 6-7).

The Court finds that typicality is satisfied. Typicality requires the class representatives' claims to be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied if the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006). Here, the typicality requirement is satisfied where Plaintiff McDaniel's claims are typical of the class as a whole, in light of the fact that "[s]he is an individual residential property owner who resided within the Class Area during the relevant time period, her property claims arise out of the same course of conduct that gives rise to the claims of the other class members, and her request for recovery is based on the same legal theory." (Dkt. No. 71-2 at 8). *See Deiter*, 436 F.3d at 466 ("The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so goes the claims of the class.'").

3

Plaintiff and its counsel are adequate representatives of the Settlement Class. The adequacy of representation requirement involves two inquiries: 1) whether the plaintiff has any interest antagonistic to the rest of the class; and 2) whether plaintiff's counsel is qualified, experienced and generally able to conduct the proposed litigation. *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 325, 330 (D.S.C. 1991). First, the Court finds that Plaintiff Katie Leigh McDaniel has no interests that are antagonistic to the interests of the Settlement Class and is unaware of any actual or apparent conflicts of interest between her and the Settlement Class. Second, the Court finds proposed Class Counsel to be competent to undertake this litigation. Class Counsel have extensive experience in in complex civil litigation and class actions and have demonstrated robust prosecution of the class claims in this litigation. Accordingly, the Court is satisfied that Plaintiff McDaniel and Class Counsel— James L. Ward, Jr. of McGowan, Hood, Felder & Phillips, LLC and F. Elliotte Quinn IV, Michael J. Jordan, and William S. Jackson IV of The Steinberg Law Firm, LLC— are adequate representatives of the conditional Settlement Class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). Here, Plaintiffs seek certification under Rule 23(b)(3). Certification under Rule 23(b)(3) is appropriate "when settling the parties' differences in a single proceeding serves their interests by achieving 'economies of time, effort, and expense' and promoting uniformity of decisions as to similarly situated class members without sacrificing fairness." *Mitchell–Tracey v. United General Title Ins. Co.,* 237 F.R.D. 551, 559 (D.Md.2006) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)). A class action must satisfy two factors under Rule 23(b)(3): predominance and superiority. *Thorn*, 445 F.3d at 319. "Predominance presupposes that a common question exists and measures the question's significance to the pending litigation. While commonality serves to

ask whether class-wide proceedings are even possible, predominance 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Stafford v. Bojangles' Restaurants, Inc*, 123 F.4th 671, 679 (4th Cir. 2024) (quoting *Amchem*, 521 U.S. at 623). The superiority requirement ensures that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Among the factors a district court should consider in deciding whether a class action meets these two requirements are:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigations of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

Plaintiffs contend that the predominance requirement is satisfied where "[t]he predominating claim in this litigation involves Defendants' liability (or not) for the emission and dispersion of particulate matter throughout the Class Area during the period in question" that "predominate over individualized concerns among the class members, particularly in the context of this settlement and geographic confining of the Settlement Class." (Dkt. No. 71-2 at 11). The Court is satisfied that predominance is met.

The Court also finds that the proposed class action is "superior to other available methods for fair and efficient adjudication of the controversy raised by the action." *Gunnells v. Healthplan Servs., Inc*., 348 F.3d 417, 449 (4th Cir. 2003) (quoting Rule 23(b)(3)). Plaintiffs highlight that "the costs of prosecuting each class member's property damage claims individually would likely

exceed each member's damages, given the amount of expert testimony that would be necessary to establish individual property damage claims," rendering individual litigation of their claims inefficient, and point to common issues of law and fact, including expert testimony, that apply to each class member's claims. (Dkt. No. 71-2 at 11). The Court finds that the proposed class action is the superior method to adjudicate this case.

In sum, for the sole purpose of determining: (i) whether this Court should preliminarily approve the Proposed Settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss this litigation as against Defendants as detailed in the Settlement Agreement, the Court hereby certifies a conditional settlement class as follows:

> **Settlement Class**: All Persons who, as of September 1, 2023, owned a single-family home located in the Class Area as reflected by the Berkley County public records.
>
> **Excluded from the Settlement Class**: (1) Defendants; (2) any entity in which Defendants have a controlling interest; (3) any Person with ownership interest in Defendants; (4) any current or former officer or director of Defendants; (5) the legal representatives, successors, or assigns of Defendants.

(Dkt. No. 71-1, §§ 3.1, 3.3). If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and the Parties shall be permitted to pursue their respective appeals to the United States Court of Appeals for the Fourth Circuit.

### B. Appointment of Class Counsel and Class Representatives

Having certified the settlement class under Rule 23(b)(2), the Court is now required to appoint Class Counsel under Rule 23(g). Fed. R. Civ. P. 23(g)(1)(A). Having considered the work Plaintiffs' counsel have done in identifying and investigating potential claims in this action, including identifying potential experts, counsels' experience in handling complex litigation, counsels' knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are designated Class Counsel under Rule 23(g)(1): James L. Ward, Jr. of McGowan, Hood, Felder & Phillips, LLC and F. Elliotte Quinn IV, Michael J. Jordan, and William S. Jackson IV of The Steinberg Law Firm, LLC. Plaintiff Katie Leigh McDaniel is appointed Class Representative.

### C. Preliminary Approval of the Proposed Settlement

At the preliminary approval stage, the Court must decide as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also* Manual for Complex Litigation (Fourth) ("MCL"), § 21.632 (4th ed. 2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of settlement negotiations and the adequacy of the consideration to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991). However, at the preliminary approval stage, the Court need only find that the settlement is within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540-MOC-DSC, 2018 WL 1321048, at *3, 2018 U.S. Dist. LEXIS 41908 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Court finds that the settlement reached in this case was the result of a fair process. The Fourth Circuit has set forth the following factors to be used in analyzing a class settlement for

fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube*, 927 F.2d at 158–59.  Here, the Parties engaged in extensive discovery, identified expert witnesses and participated in a multi-day mediation prior to reaching a settlement.  Counsel for both Parties are experienced litigators, and there is no evidence that the settlement was anything other than the product of arms-length negotiation.

The Court also finds that the Settlement Agreement is within the range of possible approval. *See Toyota Antitrust Litigation*, 564 F. Supp. at 1384.  In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, (5) the degree of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube*, 927 F.2d at 159; *West v. Cont'l Auto., Inc.*, No. 3:16-cv-00502, 2018 WL 1146642 at *4, 2018 U.S. Dist. LEXIS 26404 (W.D.N.C. Feb. 5, 2018).

Defendants have vigorously disputed Plaintiffs' claims throughout this litigation.  Plaintiffs have amended their complaint three times as a result of refining their claims throughout the course of factual discovery.  While denying liability, Defendants have agreed to pay a total settlement amount of $994,000.00 to settle Plaintiffs' property damage claims.  The Court considers that the

likelihood of substantial future costs weighed against the uncertainty of further litigation favors approving the proposed settlement. *See Sims v. BB&T Corp.*, No. 1:15-CV-732, 2019 WL 1995314, at *4-5 (M.D.N.C. May 6, 2019).

### D. Notice for the Proposed Settlement Class

Notice to class members upon settlement of class claims should be conducted in a "reasonable manner." See Fed. R. Civ. P. 23(e)(1)(B). *See* Wright and Miller's Federal Practice and Procedure, Civil § 1786 ("The first specific question to be dealt with in determining the quality of the notice typically is whether individual notice must be given. In actions under Rules 23(b)(1) and 23(b)(2), the court is only directed to give 'appropriate notice to the class,' leaving the type of notice discretionary."); 2 McLaughlin on Class Actions *251 § 6.17 (17th ed.) (noting "courts have consistently held that first-class mail addressed to class members' last known address and publication of a summary notice in appropriate press medium are sufficient to satisfy the notice requirements of ... 23(e) for advising class members of a proposed settlement").

As outlined in the Settlement Agreement, "[t]he principal means of notifying the Class shall be direct mail notice" via USPS first-class mail to the 726 addresses identified in Exhibit 3 to the Proposed Class Action Settlement Agreement and Release, as well as "an informational website to which Class Members will be directed in the Notice and on which relevant documents and information will be posted." ((Dkt. No. 71-1). The Court finds the Notice Plan to be reasonable and adequate.

### III. Conclusion

In light of the foregoing, the Court **GRANTS** Plaintiffs' motion for preliminary settlement approval (Dkt. No. 71). Within seven (7) days of the entry of this Order, the Parties shall file a Proposed Timeline for Proposed Settlement for the Court's consideration.

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

April 16, 2025
Charleston, South Carolina