# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Katie Leigh McDaniel, on behalf of herself and a class of all others similarly situated, Myrna S. Seibel, Robert B. Deaver, Amber Brown, and Catherine B. Burns,<br><br>Plaintiffs,<br><br>v.<br><br>Century Aluminum Company and Century Aluminum of South Carolina, Inc.,<br><br>Defendants. | C/A NO. 2:23-cv-05766-RMG |

## PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs, by and through their counsel, hereby move this Court, pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(e), for entry of an Order finally certifying a settlement class and granting final approval of a class action settlement in this matter.

This motion is based on the following grounds:

1. Plaintiffs filed this action on November 10, 2023.

2. Since the filing of this action, the parties have conducted extensive fact discovery, engaged a multitude of experts, and made considerable efforts to fully resolve all claims.

3. Following mediation sessions with Tom Wills on August 29, 2024, September 16, 2024, and January 8, 2025, the parties reached a settlement of the class property damage claims in this matter in the form outlined in the Class Action Settlement Agreement and Release (the "Settlement Agreement") attached as Exhibit A to Plaintiffs' Motion for Preliminary Approval.

4.     Defendants denied liability and denied all of Plaintiffs' claims related to a purported class action, and Defendants dispute Plaintiffs' claims in their entirety; nonetheless, to resolve the class action claims, Defendants have agreed to pay a total settlement amount of $944,000.00 (the "Class Settlement Amount"). The Class Settlement Amount will cover all amounts related to the settlement, including class member payments, notice and administrative costs (including costs of identifying the members of the settlement class), any class representative service award, and attorneys' fees and expenses sought by Plaintiffs' counsel.

5.     The settlement class includes all persons who, as of September 1, 2023, owned a single-family home located in the Class Area (the green area depicted below) as reflected by the Berkeley County public records.



The Class Area is identified in Exhibit 1 to the Settlement Agreement, and the members of the settlement class are identified in Exhibit 3 to the Settlement Agreement.

6. Under the terms of the Settlement Agreement, the Class Settlement Amount of $944,000.00 will provide significant monetary relief to the Settlement Class, resulting in payments of approximately $700.00 to the owner(s) of each single-family home within the Class Area.

7. On April 30, 2025, this Court entered an amended order conditionally certifying the proposed Settlement Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, appointing Class Counsel and a Class Representative, preliminarily approving the Settlement Agreement as fair, reasonable, and adequate, and directing that notice be given to the Settlement Class Members. ECF No. 75.

8. Plaintiffs file this motion pursuant to Federal Rule of Civil Procedure Rule 23(e), which requires parties to seek approval from the district court before settling a class action.

9. Following the language of the Court's order granting preliminary approval, Plaintiffs request the Court finally certify for settlement purposes only the following Class under Rule 23(b)(3):

> **Settlement Class:** All Persons who, as of September 1, 2023, owned a single-family home located in the Class Area as reflected by the Berkeley County public records.
>
> **Excluded from the Settlement Class:** (1) Defendants; (2) any entity in which Defendants have a controlling interest; (3) any Person with any ownership interest in Defendants; (4) any current or former officer or director of Defendants; (5) the legal representatives, successors, or assigns of Defendants.

10. As discussed in Plaintiffs' Memorandum in Support of this Motion, the proposed class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b) such that this Court can certify the class for purposes of judgment on the proposed settlement.

   a. There are 725 single-family homes with 719 different property owners located within the Class Area, making the total number of proposed settlement class

    members sufficiently numerous to satisfy Rule 23(a)(1)'s numerosity requirement.

b. There are questions of law or fact common to the proposed settlement class, in satisfaction of Rule 23(a)(2), including, but not limited to:

    i. Defendants' alleged emissions of alumina particulate matter from their Mount Holly aluminum smelter (the "Smelter") in September 2023;

    ii. Whether Defendants were negligent in allegedly emitting the particulates; and

    iii. Whether, and to what extent, class members suffered real property damages under theories of trespass and nuisance from the particulates allegedly emitted from the Smelter by Defendants in September 2023.

c. Plaintiff McDaniel's claims are typical of the Class as required by Rule 23(a)(3), as she is an individual residential property owner who resided within the Class Area during the relevant time period, her property claims arise out of the same alleged course of conduct that gives rise to the claims of the other class members, and her request for recovery is based on the same legal theory.

d. Plaintiff McDaniel and her counsel will adequately represent the interests of the members of the proposed settlement class, as required by Rule 23(a)(4).

e. In the context of this settlement, the common questions of law and fact predominate over individual questions, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy, in satisfaction of Rule 23(b)(3).

11. In addition, the proposed settlement is fair, reasonable, and adequate, and can therefore be approved under Rule 23(e)(2) and in accordance with the Fourth Circuit's multifactor approval standards. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 952 F.3d 471, 484 (4th Cir. 2020).

   a. The Settlement Agreement is fair, as it was the result of arm's-length bargaining conducted by experienced counsel after extensive discovery that included identifying and coordinating multiple experts from various disciplines.

   b. The Settlement Agreement is also adequate. This was a difficult case that involved complex issues of environmental science and factual and legal obstacles that made class certification and Plaintiffs' ability to prevail on the merits uncertain. Further, recoverable damages in this case are limited as a matter of law. Absent an agreement at this juncture, this case could continue unabated at great expense and delay for Plaintiffs.

   c. The Settlement Agreement is reasonable in light of the costs and risks of continued and protracted litigation in this complex matter, Plaintiffs' chances of success at trial, and the limitations on recoverable property damages available to Plaintiffs under the law.

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Court enter an Order finally certifying a settlement class and granting final approval of a class action settlement in this matter.

                                    Respectfully submitted,

Date: July 3, 2025                    s/ *James L. Ward, Jr.*
                                    James L. Ward, Jr. (Fed. ID 6956)
                                    **McGOWAN, HOOD, FELDER & PHILLIPS, LLC**
                                    10 Shem Drive, Suite 300
                                    Mount Pleasant, SC 29464
                                    843-388-7202 (tel.)
                                    843-388-3194 (fax)
                                    jward@mcgowanhood.com

                                    **THE STEINBERG LAW FIRM, LLC**
                                    F. Elliotte Quinn IV (Fed. ID 12563)
                                    Michael J. Jordan (Fed. ID 10304)
                                    William S. Jackson IV (Fed. ID 13047)
                                    3955 Faber Place Dr., Suite 300
                                    North Charleston, SC 29405
                                    843-720-2800 (tel.)
                                    8433-722-1900 (fax)
                                    equinn@steinberglawfirm.com
                                    mjordan@steinberglawfirm.com
                                    wjackson@steinberglawfirm.com

                                    *Attorneys for Plaintiffs*