IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Katie Leigh McDaniel, *et al.*,<br><br>              Plaintiffs,<br>      v.<br><br>Century Aluminum Company,<br>Century Aluminum of South Carolina, Inc.,<br><br>              Defendants. | Case No. 2:23-cv-5766-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is Plaintiffs' motion for final approval of class action settlement and petition for class counsel attorneys' fees, costs, and a class representative service award. (Dkt. Nos. 76, 77). For the reasons set forth below, the Court grants both motions.

I.    **Background**

In this putative class action, Plaintiffs, a class of persons who owned single-family homes in the Class Area as of September 1, 2023, seek property damages from Defendants stemming from repeated emissions of aluminum oxide particulates, also known as alumina, into the air from Defendants' Mount Holly aluminum smelter in September 2023 that Plaintiffs allege damaged their properties. (Dkt. No. 71, ¶ 5; Dkt. No. 71-2 at 1-3). Plaintiffs bring claims of trespass, nuisance, negligence and gross negligence and negligence *per se* against Defendants. (*See generally* Dkt. No. 69). Certain plaintiffs also seek damages for personal injury claims that are not the subject of the present settlement. (Dkt. No. 71 at 2 n.1).

Plaintiffs moved for preliminary approval of a class action settlement on March 19, 2025. (Dkt. No. 71). The Court granted Plaintiffs' motion for preliminary settlement approval and proposed timeline for implementing the class action settlement. (Dkt. No. 75). The Court set forth

1

May 9, 2025 as the deadline for publication of the Notice of Settlement via first-class mail and a

settlement website. (*Id.*) The Court further ordered that Class Counsel file for approval of fees and

expenses by June 9, 2025 and final approval of the Settlement Agreement by July 7, 2025. (*Id.*).

A final approval hearing was set for July 23, 2025. On July 23, 2025, the Court conducted a hearing

for final approval of the settlement and an award of attorneys' fees and expenses.  All Settling

Parties were present and represented by counsel.

## II.    Legal Standard

When a district court preliminarily approves a settlement after a hearing, the proposed

settlement enjoys a presumption of fairness. *See Berkley v. U.S.*, 59 Fed. Cl. 675, 681 (2004)

("Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness

determination."); *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d

768, 785 (3d Cir. 1995) ("This preliminary determination establishes an initial presumption of

fairness...."); *Martin v. Cargill, Inc.,* 295 F.R.D. 380, 383 (D. Minn. 2013) (accord); *In re

Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (accord); *Gaston v.

LexisNexis Risk Sols. Inc.*, No. 516CV00009KDBDCK, 2021 WL 2077812, at *1 (W.D.N.C. May

24, 2021) (accord).

## III.    Discussion
### A.  Certification of Settlement Class

A settlement class pursuant to Fed. R. Civ. P. 23(b)(2) is hereby certified pursuant to

Federal Rule of Civil Procedure 23. The "Settlement Class" is composed of "all persons who, as

of September 1, 2023, owned a single-family home located in the Class Area (the green area

depicted below) as reflected by the Berkeley County public record." (Dkt. No. 77, ¶ 5; *see also*

Dkt. No. 71-1, Exhs. 1 & 3).  The requirements that must be met under Rule 23(a) are (1)

numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for their proposed classes.

The Court confirms its prior holding that the Rule 23(b)(2) Settlement Class satisfies the numerosity requirement of Rule 23(a)(1) as there are 725 single-family homes with 719 different property owners located within the Class Area. *See, e.g., Cypress v. Newport News Gen. and Non-Sectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (stating that a class of 18 members met numerosity requirement).

The Court further confirms its prior holding that the commonality requirement of Rule 23(a)(2) is met. The commonality requirement – at least as it relates to a settlement class – is "not usually a contentious one: the requirement is generally satisfied by the existence of a single issue of law or fact that is common across all class members and thus is easily met in most cases." Conte, 1 NEWBERG ON CLASS ACTIONS 5th § 3:18; *see also Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008) (noting that "[t]he commonality requirement is relatively easy to satisfy") (quoting *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 187 (D. Md. 2003)). As noted by prior order, the Parties have enumerated various common questions which show the requirement is met. (Dkt. No. 75 at 2-3).

The Court also confirms its prior holding that the typicality requirement of Rule 23(a)(3) is met. Typicality requires the class representatives' claims to be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied if the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006). Here, there is a sufficient link between

3

Plaintiffs' claims and those of absent class members. Like absent class members, Plaintiff McDaniel is an individual residential property owner who resided within the Class Area during the relevant time period, her property claims arise out of the same course of conduct that gives rise to the claims of the other class members, and her request for recovery is based on the same legal theory. (Dkt. No. 71-2 at 8). In sum, Plaintiff and the Settlement Class Members' claims arise out of the same alleged course of conduct by Defendants and are based on identical legal theories.

Further, the Court confirms its prior holding that Plaintiff and her counsel are adequate representatives of the Settlement Class. In reaching this determination, the Court has considered whether Plaintiff will fairly and adequately protect the interests of the class. *Knight v. Lavine*, No. 1:12-CV-611, 2013 WL 427880 at *3, 2013 U.S. Dist. LEXIS 14855 (E.D. Va. Feb. 4, 2013).

First, the Court confirms the finding that Plaintiff has no interests antagonistic to the interest of other members of the Settlement Class. Second, the Court confirms its finding that proposed Class Counsel are competent to undertake this litigation. Class Counsel have extensive experience in class actions and in actions of a similar nature. Further, Class Counsel have demonstrated vigorous prosecution of the class claims throughout this litigation. Accordingly, the Court is satisfied that Plaintiff and Class Counsel are adequate representatives of the settlement under Rule 23(a)(4).

The Court further confirms its finding that the predominance and superiority requirements are met pursuant to Rule 23(b)(3). The Court adopts its earlier finding that "[t]he predominating claim in this litigation involves Defendants' liability (or not) for the emission and dispersion of particulate matter throughout the Class Area during the period in question" that "predominate over individualized concerns among the class members" and the proposed class action is superior to requiring each individual to prosecute their property damage claims individually, which would

likely be cost-prohibitive.  (Dkt. No. 75 at 5-6).  The proposed class action settlement thus satisfies the elements of Rule 23(b)(3).

Accordingly, the Court hereby certifies a settlement class as follows:

> **Settlement Class**: All persons who, as of September 1, 2023, owned a single-family home located in the Class Area as reflected by the Berkley County public records.

> **Excluded from the Settlement Class:** (1) Defendants; (2) any entity in which Defendants have a controlling interest; (3) any Person with any ownership interest in Defendants; (4) any current or former officer or director of Defendants; (5) the legal representatives, successors, or assigns of Defendants.

### B.  Appointment of Class Counsel and Class Representative

Having certified the class under Rule 23(b)(3), and having considered the work Plaintiffs' counsel has done in identifying and investigating potential claims in this action, counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and the resources counsel have committed to representing the Settlement Class, the following attorneys are designated Class Counsel under Rule 23(g)(1):

- McGowan, Hood, Felder & Phillips, LLC

- Steinberg Law Firm, LLC

Plaintiff Katie Leigh McDaniel is appointed Class Representative.

### C.  Final Approval of Proposed Settlement

Under Rule 23(e)(1) the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary approval stage, the Court made a determination as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also* Manual for Complex Litigation (Fourth) ("MCL"), § 21.632 (4th ed. 2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of

settlement negotiations and the adequacy of the consideration to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991). At the preliminary approval stage, the Court found that the settlement was within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540-MOC-DSC, 2018 U.S. Dist. LEXIS 41908, at *10 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Fourth Circuit has set forth the factors to be used in analyzing a class settlement for fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube*, 927 F.2d at 158–59.

The Court finds that the settlements reached in this case were the result of a fair process. The Parties here engaged in extensive fact discovery, engaged a number of experts and exchanged expert reports, and participated in multiple days of mediation prior to reaching a settlement agreement. As previously noted by the Court in its preliminary order approving the settlement, class counsel has vast experience in complex class action and civil litigation matters. The Court is satisfied that the Settlement Agreement is the result of a fair process.

The Court also finds that the Settlement Agreement is clearly adequate. *See Toyota Antitrust Litigation*, 564 F. Supp. at 1384. In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, (5) the degree

of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube*, 927 F.2d at 159; *West v. Cont'l Auto., Inc.*, No. 3:16-cv-00502, 2018 WL 1146642 at *4, 2018 U.S. Dist. LEXIS 26404 (W.D.N.C. Feb. 5, 2018).

Plaintiffs highlight that "this was a difficult case that involved complex issues of environmental science and factual and legal obstacles that made class certification and Plaintiffs' ability to prevail on the merits uncertain," and anticipate substantial future time and expense if the case progressed to the expert deposition and dispositive motion stage.  (Dkt. No. 77-1 at 14).  The Court finds that the likelihood of substantial future costs weighed against the uncertainty of further litigation favors approving the proposed settlement. *See Sims v. BB&T Corp.*, No. 1:15-cv-732, 2019 WL 1995314, at *4-5 (M.D.N.C. May 6, 2019).

Finally, the Court finds that the Settlement Agreement is reasonable. Although the Fourth Circuit has not enumerated any factors for assessing a proposed settlement's reasonableness, assessing whether a class settlement is "reasonable" involves examining the amount of the settlement. *1988 Tr. for Allen Child. Dated 8/8/88*, 28 F.4th 513, 527 (4th Cir. 2022). Plaintiffs explain that the $944,000.00 settlement amount will result in payments of approximately $700.00 to the owner(s) of each single-family home within the Class Area, which "correlates adequately with the claims of damages and losses asserted by Plaintiffs and provides an objectively superior result . . . [g]iven the limitations on recoverable property damages available to Plaintiffs under the law." (Dkt. No. 77-1 at 5).  The Court received no objections to the Settlement Agreement.

### D. Notice for The Proposed Settlement Class

As outlined in the Settlement Agreements, "Notice" consisted of: (1) First-Class direct mailed notice to each single-family home in the Class Area and (2) a Settlement website.

As confirmed at the Court's July 23, 2025, hearing, Plaintiffs satisfied all Notice requirements. The Court finds that the notice plan set forth in the Settlement Agreement constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of (a) the pendency of the litigation; (b) certification of the Settlement Class; (c) the existence and terms of the Settlement Agreements; (d) Settlement Class Members' rights to make claims, or object; and (e) the matters to be decided at Final Approval hearing. Further, the notice plan satisfied the due process requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, notice was proper.

### E. Award of Attorneys' Fees and Costs

Regarding attorneys' fees and expenses in connection with this Rule 23(b)(3) settlement, Class Counsel has requested a total award of $396,000—consisting of $236,000 in attorney's fees and $150,000 in actual expenses, as well as a $1,000 class representative service award to Plaintiff McDaniel.  The Court received no objections to Class Counsel's request for this award. A review of the *Barber* factors that are discussed at length in the Plaintiffs' motion, demonstrates that the proposed award is reasonable and should be approved. Plaintiffs' counsel expended significant effort aimed towards successful resolution of this action as between the Parties and the issues presented in the litigation were difficult and complex, as explained *supra*. Given the complexity of the factual and legal issues presented in this case, the preparation, prosecution, and settlement of this case required significant skill and effort on the part of Plaintiffs' counsel. Accordingly, the Court grants Class Counsel's request for an award of attorneys' fees and costs.

IV.     **Conclusion**

In light of the foregoing, Plaintiffs' motion for final approval of class action settlement and petition for class counsel attorneys' fees, costs, and a class representative service award are **GRANTED**. (Dkt. Nos. 76, 77).

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

July 23, 2025
Charleston, South Carolina